Zimmerman, J.
Principally in issue are parts of Section 5701.06, Revised Code, which section describes those investments and income-producing assets that are subject to taxation. So far as it is pertinent to the present controversy, such section reads:
“As used in Title LVII of the Revised Code, ‘investments’ includes:
< < * * *
“(B) Interest-bearing obligations for the payment of money, such as bonds, certificates of indebtedness, debentures, and notes; certificates of deposit, savings, and other like deposits in financial institutions outside this state yielding income by way of interest or dividends in excess of four per cent of the principal sum withdrawable; and other similar evidences of indebtedness, whether negotiable or not, and whether or not secured by mortgage of or lien upon real or personal property or income * * *.
Í < * * *
“(C) Annuities, royalties, and other contractual obligations for the periodical payment of money and other incorporeal rights of a pecuniary nature from which income is or may be derived, however evidenced, excepting:
“(1) Interests in land and rents and royalties derived *218 therefrom, other than equitable interests divided into shares evidenced by transferable certificates * *
Appellant makes two main contentions:
1. That, applying the rule of ejusdem generis to the section, a contract for the sale of land is excepted from taxation for the reason that it is not an investment or other asset akin to those specifically enumerated.
2. That a contract for the salé of land is an interest in land within the contemplation of subdivision (C) (1) of the section and is therefore not taxable.
As a preliminary observation, it is important to note that the taxes levied on intangible property defined in Sections 5707.03 and 5707.04, Revised Code, inclusive of investments, are not taxes levied on income or income yield but are taxes levied directly on the kinds of property designated at a rate based on income yield. Plainly, the tax is one on the property itself and not on income as such.
In our opinion, a contract for the sale of real estate carrying an interest charge is an enforceable chose in action — an interest-bearing obligation for the payment of money — and unless exempted by words of exclusion is taxable. See Rheinboldt v. Raine, Aud., 52 Ohio St., 160, 39 N. E., 145.
Appellant argues, invoking the principle of ejusdem generis, that Section 5701.06, Revised Code, excludes contracts for the sale of real estate as taxable property since they are not within the same category “as bonds, certificates of indebtedness, debentures and notes” or “other similar evidences of indebtedness.”
The rule of ejusdem generis based on the maxim, expressio unius est exclusio alterius, means that, where general words are used in a statute preceded or followed by words of a particular and specific meaning, such general words are to be limited to embrace those items of the same general kind or class as the ones specifically mentioned.
However, as we view the matter, reading the quoted part of the statute in its entirety, the specific items listed are but examples of property subject to taxation and such listing does not exclude and was not intended to exclude interest-bearing contracts for the sale of real estate and which come within the general intent and scope of the statute. After all, the rule of *219 ejusdem generis is to be applied as an aid in arriving at intention and should not be followed to the extent of arriving at an intent different from that of the Legislature.
With respect to appellant’s second contention that a contract for the sale of real estate represents a nontaxable interest in land, it is established by the weight of authority that the legal effect of such a contract is the creation of a new class of property, viz., a legally enforceable demand or obligation in favor of the vendor to recover from the vendee, ordinarily with interest, the unpaid balance of the purchase price of the realty, and such a contract is separate and distinct from any property right or interest in the land itself.
The situation is not unlike a debt secured by mortgage, which mortgage acknowledges the indebtedness and creates a lien on the land to secure payment. A debt secured by mortgage and the land mortgaged to secure the debt are both subject to taxation and a tax levied on both of such properties is not double taxation. See Griffin v. Board, of Review, 184 Ill., 275, 56 N. E., 397; Williams v. Board of County Commrs. of County of Osage, 84 Kan., 508, 114 P., 858, 34 L. R. A. (N. S.), 1221; Rheinboldt v. Raine, Aud., supra; 2 Cooley on Taxation (4 Ed.), 1245, Section 575; 51 American Jurisprudence, 343, Section 290; 84 Corpus Juris Secundum, 196, Taxation, Section 79.
We conclude that the term, “interests in land,” as used in subdivision (C) (1) of Section 5701.06, Revised Code, dne« not embrace contracts for the sale of real estate, and that such interest-bearing obligations in the hands of the vendor are taxable as to him.
A majority of this court entertains the view that the decision of the Board of Tax Appeals herein is neither unreasonable nor unlawful, and it is, accordingly, affirmed.

Decision affirmed.

Weygandt, C. J., Bell and Herbert, JJ., concur.
Stewart, Taft and Matthias, JJ., dissent because they are of the opinion that the “two main contentions” of appellant, as described in the majority opinion, are sound. See on the first Columbus & Southern Ohio Electric Co. v. Peck, Tax Commr., *220 161 Ohio St., 73, 77, 118 N. E. (2d), 142, and on the second Butcher v. Kagey Lumber Co., 164 Ohio St., 85, 128 N. E. (2d), 54.